IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOS JAMES STAVROPOULOS, | : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | : : | |
| v. | : : | |
| WELLSTAR HEALTH SERVICES & OR MEDICAL GROUP, Defendant. | : : : | CIVIL ACTION NO. 1:13-CV-3014-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Christos James, confined in the Cobb County Adult Detention Center in Marietta, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A and on Plaintiff's motion for appointment of counsel, (Doc. 4).

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Resnick v. AvMed, Inc., 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atl. Corp., 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89,

94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.   Discussion**

Plaintiff brings this action against Wellstar Health Services and/or Medical Group. (Doc. 1). Plaintiff contends that he broke his left big toe and alleges the following. On May 6, 2013, Plaintiff slipped and heard his toe pop as he dismounted from his top bunk without a ladder at five-o-clock in the morning. Plaintiff informed the officer on duty and told him that his toe was bleeding, and Plaintiff was allowed to get a band-aid from a nurse. Plaintiff also was told to fill out a medical request, and he was seen by medical on May 9, 2013, and was given "I.B.U" for seven days. Plaintiff filed a grievance on May 17, 2013, in an attempt to receive proper medical care, including x-rays and a cane. (Id. ¶¶ II, IV and page "1 of"). On May 24, 2013, Plaintiff received an x-ray, was placed on pain medication, and was prescribed a soft shoe. One month later, his toe was again x-rayed, and on September 1, 2013, Plaintiff's pain medications were renewed. (Id. ¶ IV). Plaintiff's toe healed incorrectly, is deformed with a "two-piece toe nail," and is painful. Plaintiff seeks damages and compensation for ongoing care equal to what he would receive if he were not incarcerated. (Id. ¶ V).

Plaintiff has attached a copy of a May 17, 2013, grievance, in which Plaintiff states that his left big toe healed from a fall, that Wellstar prescribed him seven days

4

of medication and took x-rays, and that he really needs reconstructive surgery. (Doc. 1, Attach.).

The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs. Bingham v. Thomas, 654 F.3d 1171, 1175 (2011) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To show deliberate indifference to a serious medical need, a plaintiff must show (1) an objectively serious medical need and (2) the defendant/official's subjective awareness of a risk of serious harm based on that need and his disregard of that risk with conduct that is more than grossly negligent. Id. at 1176 (holding that plaintiff must demonstrate that official's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" (internal quotation marks omitted) (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)); see also Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (stating, "a claim of deliberate indifference requires proof of more than gross negligence"). As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991). "[T]he question whether an X-ray or additional

5

diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." Estelle, 429 U.S. at 107.

Whether a delay in care is unconstitutional depends upon the injury and circumstances. See Bozeman v. Orum, 422 F.3d 1265, 1273 (11th Cir. 2005) ("A delay in care for known unconsciousness brought on by asphyxiation is especially time-sensitive and must ordinarily be measured not in hours, but in a few minutes. Still, the right reason for the delay can make a delay of any duration tolerable.") Harris v. Coweta Cnty., 21 F.3d 388, 393-94 (11th Cir. 1994) ("The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. A few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference.").

Based on Plaintiff's allegations, it appears that the officer in charge and the nurse knew that he had hurt his toe and that it was bleeding. There is no indication based on Plaintiff's allegations that they (or anyone else) were subjectively aware of, or deliberately indifferent to, a serious medical need that threatened a risk of serious harm if not promptly treated. Based on what the officer in charge and the nurse knew

6

at the time, the Court declines finding that the three-day delay between May 6 and May 9, before Plaintiff was taken to medical, was a constitutionally significant delay that showed deliberate indifference. Further, it is apparent, based on the copy of the grievance provided by Plaintiff, that he received an x-ray of his broken toe on May 9, 2013 (the same time that he was prescribed seven days of medication) but that he thought he also should receive reconstructive surgery. However, the decision on how to treat Plaintiff's injured toe was a matter of medical judgment and, at most, medical malpractice. Plaintiff's allegations fail to show a constitutional violation.[1]

---

[1] Further, Plaintiff fails to allege any custom or policy whereby Wellstar, as an organization, could be held liable. See Craig v. Floyd Cnty, 643 F.3d 1306, 1310 (11th Cir. 2011) ("'[w]hen a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state' and 'becomes the functional equivalent of the municipality' under section 1983" (quoting Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997))); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) ("[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.").

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel, (Doc. 4), is **DENIED** as moot.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** without prejudice for failure to state a claim.[2]

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED**, **ORDERED**, and **DIRECTED** this 10th day of October, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[2]Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) (discussing dismissals with and without prejudice when a plaintiff fails to state a claim).

8