IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOS JAMES
STAVROPOULOS,

            Plaintiff,

v.                                  1:13-cv-3014-WSD

WELLSTAR HEALTH SERVICES
& OR MEDICAL GROUP,

            Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [5] ("R&R") and Planitiff's *pro se* objections [7] to the Magistrate Judge's R&R.

**I.   BACKGROUND**[1]

On September 9, 2013, Plaintiff Christos James Stavropoulos ("Plaintiff"), incarcerated in the Cobb County Adult Detention Center in Marietta, Georgia, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

---

[1] The facts are taken from the R&R and the record. Plaintiff objects to the finding in the R&R claiming that the first x-ray of his toe occurred on May 24, 2013, and not on May 9, 2013. The Court determined that this date discrepancy, even if true, does not impact the Court's findings as stated in this Order. The parties have not objected to the remainder of any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Plaintiff brings this action against Wellstar Health Services and/or Medical Group ("Wellstar") for an alleged toe injury.  On May 6, 2013, Plaintiff hurt his toe after falling from his top bunk.  Plaintiff informed the officer on duty that his toe was bleeding, and the officer allowed Plaintiff to see a nurse for a band-aid.  On May 9, 2013, Plaintiff received medical attention.[2]  On May 17, 2013, Plaintiff filed a grievance to prompt proper medical care for his toe, including x-rays and a cane.

On May 24, 2013, Plaintiff's toe was x-rayed.  Plaintiff also received pain medication and was prescribed a soft shoe.  One month later, his toe was x-rayed for the second time.  On September 1, 2013, Plaintiff's pain medications were renewed.  Plaintiff asserts that his toe healed incorrectly and that he still feels pain.  As a result, Plaintiff asserts that he needs reconstructive toe surgery.  Plaintiff seeks damages and compensation for care equal to what he would receive if not incarcerated.

On October 10, 2013, Magistrate Judge King issued her R&R recommending that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

On October 16, 2013, Plaintiff filed his objections to the R&R.  In his objections, Plaintiff appears to contest the Magistrate Judge's determination that

---

[2] Plaintiff claims that he was given "I.B.U." for seven days.  Plaintiff did not explain the nature of I.B.U.

the tardy diagnosis of his toe injury did not constitute a plausible Section 1983 claim.

## II.   DISCUSSION

### A.   Standard of Review on Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  Even though Plaintiff's "objections" to the R&R are doubtfully sufficiently specific, the Court conducts its *de novo* review of the findings and recommendations in the R&R.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.   Analysis

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous.  28 U.S.C. § 1915A(a).  The Court must dismiss the Complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  Id. § 1915A(b)(1).  "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'"  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  The standard for failure to state a claim under Section 1915A(b)(1) is the same that governs dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Cf. Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)) (noting this rule in connection with similarly-worded 28 U.S.C. § 1915(e)(2)(B)).

Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  Mere "labels and conclusions" are insufficient.

Twombly, 550 U.S. at 555.  When reviewing a complaint for frivolousness, a court must hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys, and must construe *pro se* pleadings liberally.  Miller, 541 F.3d at 1100.

The Magistrate Judge found that the claims against Wellstar are required to be dismissed because Plaintiff did not allege that a policy or custom established by Wellstar constituted deliberate indifference to his medical needs pursuant to the Eighth Amendment.  See McDowell v. Brown, 392 F.3d 1238, 1289 (11th Cir. 2004) ("[T]o impose §1983 liability on a municipality,³ a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that a policy or custom caused the violation.").  The Court finds, on *de novo* review, that Plaintiff's allegations fail to state a claim against Wellstar and Plaintiff's objection is overruled.

The Magistrate Judge also recommended that the claims against Wellstar should be dismissed because Plaintiff failed to allege facts that connected Wellstar to the allegedly deficient medical care provided to Plaintiff.  See Douglas v. Yates,

---

³ A private entity that contracts with the State to provide medical services to inmates is the functional equivalent of the municipality for purposes of § 1983. See Craig v. Floyd Cnty, 643 F.3d 1306, 1310 (11th Cir. 2011).  The Court finds that Wellstar is a private entity that serves as the functional equivalent of the municipality because it provides medical services to inmates at the Cobb County Adult Detention Center.

535 F.3d 1316, 1322 (11th Cir. 2008) (noting that a complaint fails to state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation.").

To state a claim for deliberate indifference, "a prisoner must show the prison official's (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). A "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. (quoting Estelle, 429 U.S. at 106).

The Magistrate Judge also found that Plaintiff's allegations do not assert that Plaintiff suffered "cruel and unusual punishment," and that the allegations fail to show a "deliberate indifference to serious medical needs of [Plaintiff]." See Papasan v. Allain, 478 U.S. 265, 286 (1986) (approving rejection of conclusory assertions that lack factual support); see also Hathcock v. Armor Corr. Health Servs., 186 F. App'x 962, 963 (11th Cir. 2006) (holding that state prisoner's conclusory allegations were insufficient to sustain his claim under § 1983); see also Cain v. Polen, 454 F. App'x 716, 716 (11th Cir. 2011) (explaining that a prisoner's allegations must offer factual support, and conclusory statements are

insufficient). The Magistrate Judge determined that, because Plaintiff was given sufficient medical treatment in response to his bleeding toe, it cannot be reasonably inferred that Wellstar was more than grossly negligent in treating Plaintiff's toe. The Court finds, on *de novo* review, that the Magistrate Judge correctly found that Plaintiff failed to state a claim against Wellstar, and the Court overrules Plaintiff's objections based on the medical care provided by Wellstar. The Court further finds no plain error in the unobjected to findings and recommendations in the R&R.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge King's Final Report and Recommendation [5] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

**SO ORDERED** this 14th day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE